UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| APOGEE TECHNOLOGY CONSULTANTS, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>REBECCA BUFFUM,<br><br>　　　　　　　　　Defendant. | Case No. 2:17-cv-01362-APG-PAL<br><br>**ORDER**<br><br>(Mot. for Substitute Service – ECF No. 19) |

This matter is before the court on the Emergency Motion for Substitute Service (ECF No. 19) filed by Plaintiff Apogee Technology Consultants, LLC ("Apogee") on June 30, 2017. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motion.

**I.　THE COMPLAINT**

Apogee initiated this lawsuit by filing its Complaint (ECF No. 1) and associated Exhibits (ECF Nos. 6–8) on May 12, 2017. The complaint alleges causes of action against Defendant Rebecca Buffum for: (1) slander of title, (2) intentional interference with prospective economic advantage, (3) business disparagement, and (4) declaratory judgment on ownership.

The complaint alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity. Compl. at 2, ¶ 1. Apogee is a Florida limited liability company with its principal place of business in Nevada, and its members are Michael J. Coker and John J. Madsen, who are Nevada residents. *Id*. at 2–3, ¶¶ 1, 6. Ms. Buffum is alleged to be a Texas resident "who on information and belief, is presently domiciled in Leander, Travis County, Texas." *Id*. ¶¶ 2, 7. The amount in controversy purportedly exceeds $75,000. *Id*. ¶ 3. With regard to personal jurisdiction, the complaint alleges that Ms. Buffum "has sufficient minimum contacts" with Nevada such that the

exercise of jurisdiction "would not offend traditional notions of fair play and substantial justice." *Id*. ¶ 4. Buffum allegedly published a knowingly false story on her website disparaging Apogee's intellectual property. *Id*.[1] She did so "with the specific intent to disparage the true owner of such intellectual property and interfere with Apogee's prospective business." *Id*. The website is currently active and it is the only known place where the story is published. *Id*. Apogee alleges that the website is directed at causing it harm in Nevada, and has, "in fact, caused and is continuing to cause substantial harm" to Apogee in Nevada. *Id*.

Apogee alleges that venue is proper in the District of Nevada because its causes of action arise out of Buffum's unlawful conduct that has been and continues to be directed to this judicial district. *Id*. at 2–3, ¶ 5. Additionally, Buffum's unlawful conduct has caused, and is continuing to cause, Apogee harm in Nevada. *Id*.

The complaint and its exhibits acknowledge previous litigation between Ms. Buffum and Apogee's members, Messrs. Coker and Madsen. *Id*. at 10–11, ¶ 41 (citing *Madsen, et al. v. Buffum, et al.*, Case No. 5:12-cv-01605-MWF-SP (C.D. Cal.) ("California Case"), filed Aug. 8, 2012); Compl. Ex. 6 (ECF No. 6-6) (attaching final judgment entered Dec. 14, 2010, in *Madsen, et al. v. Buffum, et al.*, Case No. C-1-CV-10-002345 (Tex. Travis County Ct.) ("Texas Case")).[2] Notably, in the California Case, Coker and Madsen alleged that Buffum and other defendants owned and operated the website www.stopmadsencoker.com. *See* California Case, Second Am. Compl. (ECF No. 72). This is the same website at issue in this current action. Defendants purportedly used the website to harass Coker and Madsen and interfere with their business relationships with respect to their California-based company, New-Visions Geo, Inc. *Id*. Mr. Coker further represented that he purchased a houseboat from Chris and Rebecca Buffum in August 2009. *Id*., Decl. of Michael Coker (ECF No. 23-2). Buffum is the only defendant from the California and Texas Cases to be named in this current action.

---

[1] The complaint jointly refers to Buffum's "website" as the web addresses www.stopcokermadsen.com and www.stopmadsencoker.com. *See* Compl. at 3, ¶ 7.

[2] Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The court therefore takes judicial notice of the proceedings in the Central District of California and the County Court of Travis County, Texas.

## II. APOGEE'S MOTION FOR SUBSTITUTE SERVICE (ECF NO. 19)

In the motion, Apogee asserts it has engaged in numerous efforts in an attempt to effectuate personal service on Buffum, including three attempts at her last-known home address in Texas and two attempts at the nearby Sandy Creek Yacht Club and Marina. *See* Mot. Ex. (ECF No. 19-3), Decl. of George L. Castillo. The process server's attempts to serve Buffum were not successful. *Id*. However, Apogee claims that substitute service has been properly been effectuated on Buffum and, therefore, asks the court to find that substitute service was proper.

Rule 4 of the Federal Rule of Civil Procedure provides that service may be effectuated on an individual by: (i) following the laws governing service of process in the state where the district court is located or where service is made; (ii) delivering a copy of the summons and complaint to the individual personally; (iii) leaving the copies with a person of suitable age and discretion residing at the individual's dwelling or usual place of abode; or (iv) delivering the copies to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Nevada law permits service on an individual by any of the three latter methods authorized by the federal rules. *See* Nev. R. Civ. P. 4(d)(6).

Plaintiffs must obtain prior court approval for any alternative method of serving process. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004). If alternative service of process is appropriate, any alternative method of service must "comport with constitutional notions of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Due process is satisfied when service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*.

When personal service proves impossible, Rule 4 of the Nevada Rules of Civil Procedure provides that the court may allow a party to perform service by publication:

> In addition to methods of personal service, when the person on whom service is to be made resides out of the state, or has departed from the state, *or cannot, after due diligence, be found within the state*, or by concealment seeks to avoid the service of summons … [the] court or judge may grant an order that the service be made by the publication of summons.

Nev. R. Civ. P. 4(e)(1)(i) (emphasis added). Nevada law provides additional methods of substitute

3

1  service in specific situations.  *See* NRS 14.070 (service on driver of vehicle involved in crash);
2  NRS 14.080 (service on foreign manufacturers, producers, and suppliers of products); NRS 14.090
3  (service at residence accessible only through gate).

4        To justify substitute methods of service, plaintiffs must demonstrate "due diligence" in
5  their service attempts.  *See, e.g.*, *Browning v. Dixon*, 114 Nev. 213, 217, 954 P.2d 741, 743 (1998)
6  (finding that "substitute service pursuant to NRS 14.070(2) is efficacious only if the plaintiff first
7  demonstrates that, after due diligence, the resident defendant cannot be found within the state").
8  There are several key factors Nevada courts look to in evaluating a party's due diligence in
9  effecting service.  Nevada courts principally consider the number of attempts a plaintiff made to
10 serve a defendant at his or her residence and other methods of locating defendants, such as
11 consulting public directories and family members.  *See*, *e.g.*, *Abreu v. Gilmer*, 115 Nev. 308, 313–
12 14, 985 P.2d 746, 749 (1999); *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1243–44 (1994);
13 *Price v. Dunn*, 106 Nev. 100, 103, 787 P.2d 785, 786–87 (1990).  The Nevada Supreme Court has
14 held that "there is no objective, formulaic standard for determining what is, or is not, due
15 diligence."  *Abreu*, 115 Nev. at 313, 985 P.2d at 749.  "Instead, due diligence is measured by the
16 qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant."  *Id.*

17       Here, the court finds that Apogee has not justified its request for a substitute methods of
18 service.  The motion indicates that the process server made three attempts at her last-known home
19 address in Texas.  However, Apogee has not sufficiently demonstrated that Buffum *still* resides at
20 the Texas address.  Counsel's affidavit states that a "TLO Report" dated April 14, 2017, indicates
21 that Buffum's last-known address is the Texas address.  *See* Mot. Ex. (ECF No. 19-1), Decl. of
22 John L. Krieger.  Counsel asserts that "TLO reports provide a comprehensive profile of virtually
23 any person, business, or location in the United States."  *Id*.  This statement does not indicate what
24 research service compiled the report or what sources were consulted, *e.g.*, public records, etc.  The
25 motion acknowledges that "delivery by certified mail has not been completed because 'an
26 authorized recipient was not available'."  Mot. at 6 (quoting Krieger Decl. ¶ 9).  Apogee attaches
27 a declaration of Mr. Madsen stating that he has personal knowledge of Buffum's Texas residence
28 and activities at the marina since at least 2008.  Mot. Ex. (ECF No. 19-2), Decl. of John J. Madsen.

However, he does not state when he last confirmed or had knowledge she still resided there.  Thus, the court is unable to confirm whether his personal knowledge is recent or stale, but it appears to predate the California and Texas cases.[3]  The motion also relies on Buffum's affidavit submitted in the California case to show her residency at the Texas address.  However, the affidavit was completed almost five years ago, and Apogee has provided no additional, credible information for the court to conclude that Buffum currently resides at the Texas address.  Under these circumstances, the court finds that Apogee has not demonstrated due diligence or that substitute service by publication would comport with due process.

Because plaintiff has not satisfied the court that Buffman actually resides at the last known address in Texas neither Texas law or NRS 14.090 will be applied to deem service on Buffum effectuated.  Nevada law states that

> A person who resides at a location to which access is not reasonably available except through a gate may be lawfully served with any legal process in the manner provided in this section.  If there is: …
>
> (b) No guard posted at the gate and entry through the gate is not reasonably available, *the court may*, *if it is satisfied by affidavit that those facts are true*, allow service of process by mailing a copy thereof to the residence by certified or registered mail.

NRS 14.090(1).  Texas civil procedure rules provide that a defendant may be served by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy" of the summons and complaint.  Tex. R. Civ. P. 106(a)(2).  As explained, the court is not satisfied that Buffum currently resides at the Texas address.  Apogee's motion is therefore denied without prejudice.

In addition, the court has reviewed the Complaint (ECF No. 1) in this action and has serious doubts whether this court has personal jurisdiction over Buffman.  The complaint allegations regarding personal jurisdiction and venue are extremely conclusory.  Federal courts are courts of limited jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  A court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221,

---

[3] This inference is bolstered by the statement of a man at the marina who claimed to know Buffum and stated that she had not been seen there in "a while."  *See also* Mot. Ex. (ECF No. 19-3), Castillo Decl. ¶ 11.

1225 (9th Cir. 1989). Lack of personal jurisdiction and improper venue are waivable defects, unlike lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(1). Where there has been no appearance by the defendant, the district court may dismiss for lack of venue or personal jurisdiction on its own motion after giving the plaintiff notice and an opportunity to respond. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) ("It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant."); *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (upholding *sua sponte* dismissal after plaintiff was ordered to show cause why the complaint should not be dismissed for improper venue). If a matter does not adhere to the venue provisions stated in 28 U.S.C. § 1391, the matter may be subject to transfer or dismissal. *See* 28 U.S.C. § 1406(a).

Due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S.310, 316 (1945). The Ninth Circuit applies a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant comports with due process. *Boschetto v. Hansing*, 539 F. 3d. 1011, 1019 (9th Cir. 2008). Not every act that has foreseeable effects in the forum state gives rise to specific jurisdiction. *Bancroft & Masters v. Augusta Nat. Inc.*, 223 F. 3d 1082, 1087 (9th Cir 2000).

Based on the foregoing, Apogee shall show cause in writing on or before August 3, 2017, why this action should not be dismissed for lack of personal jurisdiction and improper venue. Failure to show cause by August 3, 2017, will result in a recommendation to the district judge that this case be dismissed for lack of personal jurisdiction and improper venue.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Apogee Technology Consultants, LLC' Emergency Motion for Substitute Service (ECF No. 19) is DENIED without prejudice.
2. Plaintiff Apogee Technology Consultants, LLC shall show cause in writing on or before **August 4, 2017**, why this action should not be dismissed for lack of personal jurisdiction and improper venue.

3. Failure to show cause by **August 4, 2017**, will result in a recommendation that this case be dismissed for lack of personal jurisdiction and improper venue.

Dated this 21st day of July, 2017.

                                                                    PEGGY A. LEEN
                                                                    UNITED STATES MAGISTRATE JUDGE